Dear Representative Russell:
This is in response to your request for an official opinion of this office concerning the following questions:
 "Is ethanol which is used as fuel for motor vehicles an `intoxicating liquor' under section 311.020, RSMo 1978?
 "Must private individuals who manufacture ethanol on their own land and solely for the purpose of providing fuel for their own motor vehicles be licensed and regulated under Chapter 311, RSMo, specifically section 311.180, RSMo 1978?"
Pursuant to § 311.050 RSMo 1978, anyone who distills intoxicating liquor in Missouri must first obtain a license from the Supervisor of Liquor Control. This statute provides as follows:
 "It shall be unlawful for any person, firm, partnership or corporation to manufacture, sell or expose for sale in this state intoxicating liquor, as defined in section 311.020, in any quantity, without taking out a license."
The cost of this license will vary depending upon the alcoholic content of the liquor which is produced. Section311.180, RSMo provides in part:
 "Manufacturers, wholesalers, solicitors — license fees. — 1. No person, partnership, association of persons or corporation shall manufacture, distill, blend, sell or offer for sale intoxicating liquor within this state at wholesale or retail, or solicit orders for the sale of intoxicating liquor within this state without procuring a license from the supervisor of liquor control authorizing them so to do. For such license there shall be paid to and collected by the director of revenue annual charges as follows:
* * *
 "(2) For the privilege of manufacturing in this state intoxicating liquor containing not in excess of twenty-two percent of alcohol by weight the sum of one hundred dollars;
 "(3) For the privilege of manufacturing, distilling or blending intoxicating liquor of all kinds within this state the sum of two hundred dollars;
* * *
 "2. Provided further, however, that solicitors, manufacturers and blenders of intoxicating liquor shall not be required to take out a merchant's license for the sale of their products at the place of manufacture or in quantities of not less than one gallon."
"Intoxicating liquor" as used in Chapter 311 is defined in § 311.020, RSMo 1978. This statute provides:
 "The term `intoxicating liquor' as used in this chapter, shall mean and include alcohol for beverage purposes, alcoholic, spirituous, vinous, fermented, malt, or other liquors, or combination of liquors, a part of which is spirituous, vinous or fermented, and all preparations or mixtures for beverage purposes, containing in excess of three and two-tenths percent of alcohol by weight."
If alcohol is distilled solely for the purpose of providing fuel for motor vehicles, then such alcohol is not being used for "beverage purposes" and therefore would not be considered "intoxicating liquor" as used in Chapter 311, RSMo 1978. A similar conclusion was reached by this office in Op. Atty. Gen. No. 37, Mueller, 1-17-79 concerning the application of the State liquor laws to wines used solely for sacramental purposes.
We note, however, that the alcohol which is obtained directly from the distillation process is capable of being used not only for experimental fuel purposes, but also for consumption as a beverage. For this reason, the Division of Liquor Control requires that all individuals who distill alcohol for such experiments denature the alcohol as soon as it emerges from the distillation process. One means of denaturing this product is by the addition of gasoline. If the alcohol is rendered unfit for human consumption by some means such as this, the Division of Liquor Control does not require any type of license for such experiments. Should the alcohol not be denatured by some means, the Division of Liquor Control requires that the individual comply with the provisions of section311.180 supra.
A similar approach to this subject has been taken by the Bureau of Alcohol, Tobacco and Firearms. In ATF Release P 5000.1, the Bureau of Alcohol, Tobacco and Firearms allows for the experimental use of alcohol as a fuel product only at the plant premises where the alcohol is produced. Any alcohol removed from the premises must be tax-paid at the rate of $10.50 per proof gallon. If the alcohol is denatured prior to its removal from the plant premises, no federal excise tax will be assessed.
CONCLUSION
Therefore, it is the opinion of this office that ethanol used solely as a fuel for motor vehicles is not an "intoxicating liquor" as defined in § 311.020, RSMo 1978. It is our further opinion that individuals who manufacture ethanol on their own land solely for the purpose of providing fuel for motor vehicles are not required to be licensed and regulated under Chapter 311, RSMo as long as the alcohol produced at the facility is denatured by some means.
Very truly yours,
 JOHN ASHCROFT Attorney General